UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
```

| | |
|---|---|
| THOMAS ALBERTO ROBLES, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| | : |
| HOLY SEE (STATE OF VATICAN CITY; | : |
| THE VATICAN); OUR LADY OF MOUNT | : |
| CARMEL PARISH; CHURCH OF OUR LADY | : |
| OF MT. CARMEL; OUR LADY OF MT. | : |
| CARMEL DEVELOPMENT CORPORATION; | : |
| ARCHDIOCESE OF NEW YORK a/k/a | : |
| ROMAN CATHOLIC ARCHDIOCESE OF | : |
| NEW YORK; ARCHBISHOP OF NEW YORK; | : |
| and THE SOCIETY OF THE CATHOLIC | : |
| APOSTOLATE a/k/a PALLOTTINES; | : |
| | : |
| Defendants. | : |

```
------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/28/22___

20-CV-2106 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 9, 2020, Plaintiff filed this lawsuit against numerous Defendants

including Defendant Holy See, alleging he was sexually abused as a minor by Barry Bossa, a

priest, over a period of several years, *see* Dkt. 1; *see generally* Compl., Dkt. 3;[1]

WHEREAS the Court has only supplemental jurisdiction over the Defendants other than

the Holy See, Compl. ¶ 48;

WHEREAS in an opinion dated December 20, 2021 ("the Opinion"), the Court granted

Defendant Holy See's motion to dismiss for lack of subject-matter jurisdiction over the Holy See

under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330 *et seq*., without

---

[1]     The Court directs readers to its explanation of the facts and procedural history of this case in its December
Opinion for further context. *See* Opinion and Order, Dkt. 96 at 1–3.

1

prejudice to Plaintiff seeking leave to amend as to his vicarious liability negligence claim, *see* Opinion and Order, Dkt. 96 at 1–2;

WHEREAS the Court directed Plaintiff to seek leave to file an amended complaint not later than January 20, 2022, *see id.* at 31;

WHEREAS the Court clearly stated in the Opinion that, "[s]hould Plaintiff seek leave to file an amended complaint, in order to establish subject-matter jurisdiction that amended complaint must plead sufficient facts from which the Court can reasonably infer that (i) clergy at the Pallottines, Mt. Carmel Church, or the Archdiocese, or the Archbishop himself, were on notice of sexual abuse by Bossa *as a priest*, thereby implicating the secrecy element of the 1962 Policy; (ii) the clergy who had such knowledge maintained secrecy in the form of failing to warn parents, Plaintiff, or appropriate authorities because of their need to comply with the 1962 Policy; and (iii) the clergy who had such knowledge had no discretion to take other steps to warn relevant non-clergy, such as parents, Plaintiff himself, or authorities", *see id.* at 27–28 (emphasis in original); and

WHEREAS Plaintiff timely filed a motion for leave to file a First Amended Complaint ("FAC") on January 20, 2022, *see* Dkt. 101;

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a FAC is DENIED. Whether to grant leave to amend is within the discretion of the Court, although a court may not refuse to grant leave "without any justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Among the acceptable reasons to deny leave to amend are that the amendment fails to cure previously-identified deficiencies and that the amendment is futile. *Foman*, 371 U.S. at 182. Futility of amendment is generally found where "the proposed

amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 298 (S.D.N.Y. 2000) (quoting *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

The Opinion, in brief, held that in order for the Court to exercise subject-matter jurisdiction over the Holy See under the Tortious Act Exception to the FSIA, Plaintiff would have to re-plead his claims so as to avoid falling within the Discretionary Function Exclusion to the Exception, which applies if the allegedly tortious activity involved the exercise or performance of a discretionary function. Opinion at 23–28.[2] The Opinion made abundantly clear that Plaintiff would have to demonstrate that the Holy See's employees were engaged in non-discretionary conduct controlled by the Holy See's 1962 *Crimen sollicitationis* (the "1962 Policy"). *Id.* at 27–28. As discussed at length in the Opinion, because the 1962 Policy pertained only to sexual misconduct committed by a priest *after* ordination, the Court would have subject-matter jurisdiction over the Holy See under Plaintiff's theory of liability[3] only if Plaintiff could allege facts from which the Court could reasonably infer that employees of the Holy See had knowledge of sexual abuse committed by Bossa *after* he became a priest. *Id.* at 26 n.22.

According to Plaintiff's memorandum in support of his motion to amend, his FAC conforms to the Court's Opinion "by (i) removing and/or altering certain causes of action as to Defendant Holy See and (ii) further detailing the structure of the Roman Catholic Church ('Church') as applicable to each Defendant and Defendant Holy See's duties and breach thereof

---

[2]      The Court directs readers to its lengthy description of the applicability of the FSIA and its various exceptions and exclusions, which led to this conclusion, in the Opinion for further context. *See* Opinion at 7–28.

[3]      In a nutshell, Plaintiff's theory is that the Holy See is liable for his abuse under *respondeat superior* and that his claim does not fall within the Discretionary Function Exclusion because the 1962 Policy eliminated all discretion from Catholic clergy in dealing with sexual abuse of children by compelling secrecy regarding any allegation that a priest had sexually abused a child. *See, e.g.*, Compl. ¶¶ 69–71, 74–75.

as to Plaintiff's childhood sexually abuse." Pl. Mem. of Law, Dkt. 101-1 at 1.  Those changes do

not conform the new pleadings to the Court's Opinion.  *See* Opinion at 27–28.  The proposed

FAC does not even allege in a conclusory way (let alone allege facts from which the Court could

infer that the allegation is plausible) that Catholic clergy had knowledge that, as a priest, Bossa

had sexually abused a child.  *See generally* Ex. B, Dkt. 101-3.  Although Plaintiff re-pleads that

Bossa was accused of sexually abusing two boys while he was training for the priesthood in the

mid-1970s, *see* Ex. A, Dkt. 101-2 ¶ 81, those allegations were included in Plaintiff's original

Complaint.  *See id.* ¶ 93.  Plaintiff does not allege that any clergy knew at the time that Plaintiff

or any other child had been abused by Bossa after Bossa became a priest, and therefore does not

plead any information that renders the 1962 Policy relevant to the clergy's action or inaction vis-

à-vis the abuse of Plaintiff.

      Because the FAC does not cure the deficiencies the Court identified in the Opinion, the

proposed FAC would "be subject to 'immediate dismissal'" for failure to allege facts from which

the Court can infer that it has subject-matter jurisdiction.  *A.V. by Versace, Inc.*, 87 F. Supp. 2d at

298 (quoting *Jones*, 166 F.3d at 55).  As a result, granting leave to amend would be futile.

Plaintiff's motion for leave to amend is therefore DENIED.  This, in turn, necessitates dismissal

of the case, because the Court has only supplemental jurisdiction over the remaining Defendants.

      IT IS FURTHER ORDERED that, because the Court has denied Plaintiff's motion for

leave to amend, Defendant Holy See's motion for reconsideration, *see* Not. of Mot., Dkt. 97, is

DENIED as moot.

      IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate

all open motions and close this case.

4

**SO ORDERED.**

**Date:  January 28, 2022**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**